Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6601 | **DATE** | 11/28/2011 |
| **CASE TITLE** | Flournoy vs. Ghosh | | |

**DOCKET ENTRY TEXT**

Ghosh's motion to withdraw deemed admissions [73] is granted under Rule 36(b). Flournoy's motion for summary judgment [67] is denied. Since continued discovery is therefore necessary, Flournoy's motion to modify the case management schedule [92] is granted. The parties will report for status hearing on Tuesday, December 13, 2011 with a proposed case management plan; the parties should confer about their proposed plan in advance. The parties should consult this court's case management packet for guidance.

■[ For further details see text below.]     Docketing to mail notices.

# STATEMENT

This case involves a § 1983 prisoner action in which Flournoy alleges that Dr. Ghosh violated his Eighth Amendment right to be free from cruel and unusual punishment; Flournoy alleges that Dr. Ghosh failed to ensure that Flournoy received appropriate bifocal glasses that would enable Flournoy, who suffers from glaucoma, to see properly.

Dr. Ghosh, who failed to respond to Plaintiff Flournoy's request for admissions within 30 days of receiving them, seeks to withdraw his deemed admissions pursuant to Federal Rule of Civil Procedure 36(b). This rule permits the court to withdraw deemed admissions "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

While the parties spill a substantial amount of ink questioning each others' good faith in discovery and debating whether Ghosh actually received the request for admissions, the court believes that these arguments are not of primary importance to the question of whether or not this court should withdraw the deemed admissions. Instead, the court must apply the two-part inquiry quoted above.

First, the court notes that withdrawing the deemed admissions would promote the presentation of the merits of this action. As Flournoy concedes in his summary judgment motion, he must ultimately show that Flournoy has an objectively serious medical condition, and that Dr. Ghosh, in failing to provide the appropriate glasses, acted with "deliberate indifference to [the] serious medical needs of [Flournoy]." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005). He must demonstrate that Dr. Ghosh "acted with a sufficiently culpable state of mind." *Id.* at 653. The record in this case, meanwhile, indicates that Dr. Ghosh approved several of Flournoy's requests for glasses, as well as the prescriptions of Flournoy's various doctors at the University of Illinois at Chicago. The only evidence in this case suggesting that Dr. Ghosh had a culpable state of mind are the deemed admissions which,

among other things, state that "Ghosh intentionally, or with reckless disregard, ignored Plaintiff's serious medical needs by failing to ensure that plaintiff was provided with the prescription glasses as ordered by his UIC physicians." This admission, along with many of the others, would enable Flournoy to prevail on summary judgment, despite the fact that (1) Dr. Ghosh has not been deposed to gain insight into his actual state of mind; (2) none of the UIC doctors who prescribed allegedly different pairs of glasses have been deposed as to the medical implications of receiving improper glasses (the glasses that Flournoy received, for all the court knows, may have been appropriate); and (3) Flournoy himself has not been deposed. By withdrawing the deemed admissions, the court would facilitate discovery into these and other issues that would enable the court to better assess the actual merits in this case.

Nonetheless, the court must also consider whether Flournoy, as a result of withdrawn admissions, would be prejudiced in maintaining or defending his action on the merits. On this point, the court holds that Flournoy will not be so prejudiced. Although Flournoy did rely on the deemed admissions in preparing his summary judgment motion, he has not proceeded with any additional discovery in reliance on the deemed admissions. Flournoy's ability to adduce evidence in this action, moreover, will not be hindered in any way by the court's granting of the motion to withdraw; discovery deadlines can be extended. And several Courts of Appeals have noted that mere preparation of a summary judgment motion in reliance on deemed admissions does not, by itself, constitute sufficient prejudice to deny motions to withdraw. *See, e.g.*, *Conlon v. United States*, 474 F.3d 616, 624 (9th Cir. 2007) ("We agree with the other courts that have addressed the issue and conclude that reliance on a deemed admission in preparing a summary judgment motion does not constitute prejudice."); *In re Durability Inc.*, 212 F.3d 551, 556 (10thCir. 2000) (same); *Conlon v. United States*, 474 F.3d 616, 624 *FDIC v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994) (same). While the Seventh Circuit has upheld decisions by the district court to treat deemed admissions as binding, *see FTC v. World Media Brokers*, 415 F.3d 758 (7th Cir. 2005), it has never held that prejudice results from a party's efforts to prepare a summary judgment motion after securing deemed admissions.

The cases cited by Flournoy are also distinguishable from this case. In *Chicago District Council of Carpenters Pension Fund v. PMQT, Inc.*, deemed admissions were not allowed to be withdrawn, but that was a case where the motion to withdraw was filed at the "eleventh hour"—after discovery had already closed. 169 F.R.D. 336, 340 n.6 (N.D. Ill. 1996). The request here was far from an "eleventh hour" request. Indeed, the motion to withdraw was filed on April 22, 2011, just one day after Flournoy filed his summary judgment motion and some five months before this court's original discovery cutoff date. In *Switzer v. Sullivan*, another case determining that plaintiffs would be prejudiced by permitting untimely responses to deemed admissions, the Defendants were unable to furnish *any* explanation for their lateness. *See Switzer v. Sullivan*, 1996 WL 52911, at *3 (N.D. Ill. Feb. 5, 1996). Here, there is a legitimate dispute over whether or not Dr. Ghosh actually received the requests for admissions.[1] A final case where deemed admissions were not permitted to be withdrawn, *Hart v. Dow Chemical*, is also unhelpful to Flournoy because the record in that case "reveal[ed] no facts which remotely suggest[ed] that accepting the default admission will subserve the merits" of the case. 1998 WL 151815, at *4 (N.D. Ill. Mar. 27, 1998). Here, the court has already determined above that accepting the default admissions would subserve the merits of this action. And, more importantly, the court is accorded broad discretion on a motion to withdraw, as Flournoy concedes.

In sum, because the merits of this case would be best promoted by continued discovery into the above-referenced matters, and Flournoy will not be prejudiced in presenting the merits of his case, Dr. Ghosh's motion to withdraw the deemed admissions and serve its responses to Flournoy's request for admissios is granted under Rule 36(b). Because Dr. Ghosh's admissions are hereby withdrawn, a genuine issue of fact remains, at minimum, with respect to Dr. Ghosh's state of mind in his alleged failure to provide Flournoy with the glasses Flournoy needed. Thus, Flournoy's motion for summary judgment is denied. Because continued discovery will be necessary, Flournoy's motion to modify the case management schedule in this case is granted. The parties will report for

| **STATEMENT** |
|---|
| status on Tuesday, December 6, 2011 with a proposed case management schedule; they should confer in advance of the status hearing. Both sides will make their rule 26 disclosures and proceed with discovery. |

---

[1] The court takes no position on whether or not Dr. Ghosh actually received the request for admissions.

| | Courtroom Deputy | RJ/CAS |
|---|---|---|